| | |
|---|---|
| 67 | 179 |
| 129 | 414 |
| 67 | 179 |
| 138 | 19 |
| 67 | 179 |
| 145 | 547 |
| 146 | 267 |
| 67 | 179 |
| 152 | 390 |
| 67 | 179 |
| 68a | 286 |
| 67 | 179 |
| 206 | 1242 |

## MICHAEL HENRICHSEN

*v.*

## SAMUEL P. HODGEN *et al.*

1. PARTITION—*jurisdiction to try an adverse claim of title.* In a suit for partition when one of the defendants is in possession, claiming title adversely, the court having acquired jurisdiction for the purpose of partition, may do complete justice between the parties, and dispose of the whole question of title between them, and thus save the necessity of an action at law.

2. SAME—*proof of title—what sufficient.* Where the record of a partition suit showed that the deceased ancestor, from whose heirs the plaintiff had procured conveyances, received a deed for the lands in 1845, and that he resided on the same at the time of his death in 1848: *Held,* that this was *prima facie* evidence of title in fee in such former deceased owner.

3. And where the defendant in partition, in his answer, stated that he was unable to state, from his present information, whether such former owner died seized of the land or not, but that he presumed said allegation was true: *Held,* that this was a sufficient admission of title in such owner at the time of his death.

4. SAME—*decree as to an adverse title in party in possession.* In a suit for the partition of lands in the adverse possession of one claiming title

acquired under a sale for taxes, while the court may determine the question of title, yet it will be error, upon finding in favor of the plaintiff, to decree that such defendant's title be annulled and extinguished as a cloud upon the title of the other party.

5. LIMITATION LAW OF 1839—*what is color in good faith.* Where the widow of a deceased owner of land conveyed her unassigned dower interest in the same, and her grantee conveyed to the defendant in a suit for partition, informing such defendant that he owned nothing but such dower interest, and that was all he could convey: *Held*, that such deed could not be relied on as color of title made in good faith, to defeat the suit for partition.

6. SAME—*color of title to defeat a partition.* Where a defendant in possession had acquired a deed from one holding a tax title on the land of which partition was sought, and had paid all taxes thereon for more than seven successive years before the commencement of a suit for partition, such payments being coupled with actual possession: *Held*, that such deed was color of title, notwithstanding the defendant afterwards suffered the land to go to sale, and that such payment and possession was a bar to the suit, except as to the interest of parties laboring under disability.

7. DEED—*delivery.* Where a party executes a deed for land, and it is left, with his assent, in the hands of a third party, for the grantee, but is lost in such third party's hands, this will amount to a delivery of such deed.

8. REDEMPTION FROM TAX SALE—*effect of certificate of, as evidence.* A certificate of the redemption of land from tax sale is only evidence of the deposit with the clerk of the redemption money. It is not evidence of the right to redeem, and furnishes no evidence of the age of the person assuming to exercise the right.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. HAY, GREENE & LITTLER, for the appellant.

Mr. W. B. JONES, and Mr. W. P. RANDOLPH, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, filed by Samuel P. Hodgen, on the 24th of July, 1867, for partition of two certain 40 acre tracts and one 10 acre tract of land, of which, as claimed, one Josiah

Bradshaw died seized in fee. The partition was sought as between Hodgen, claiming seven-ninths of the land, derived from certain heirs of Bradshaw, and others claiming by descent from Bradshaw.

The bill made Michael Henrichsen a party, alleging that he was in possession of the lands, but denying that he had any legal or equitable interest therein. Robert B. Latham was also made a party as claiming some interest in the lands.

The court below found the rights of the parties to be as set out in the bill, and decreed partition as prayed for, and declared the claims of title of Henrichsen and Latham to be invalid and annulled the same, and removed that of the former as a cloud upon the title of the complainant.

Henrichsen prosecutes this appeal.

It is first objected, that Henrichsen being in possession, the proper remedy as to him is at law, by an action of ejectment.

But a court of equity, having taken jurisdiction of the case for the purpose of partition, may do complete justice between the parties and dispose of the whole question of title between them, and save the necessity of a resort to an additional· suit.

It is then said that equity will require the complainant to make out his case as fully as he would be required to do if he were suing in a court of law; and that the record does not show that Josiah Bradshaw ever had title in fee to these lands. It does show a deed to him of the lands from David French in 1845, and that he resided on the lands at the time of his death, about 1848. This would be *prima facie* evidence of a title in fee. Besides, Henrichsen says, in his answer, that he is "unable to state, from his present information, whether Josiah Bradshaw died seized of the real estate described in complainant's bill or not, but he presumes said allegation is true;" and if the respondent thus presumes, we will so presume.

Henrichsen sets up ownership of the lands in fee. His claim of title is under the first section of the limitation law of 1839, by virtue of the actual possession of, and payment

of taxes on the lands for seven successive years under claim and color of title made in good faith.

In 1850, the widow of Josiah Bradshaw. conveyed to one Primm her unassigned dower interest in the lands, and thereupon surrendered to him the possession and removed to the State of Iowa with her children. She died on the 10th day of January, 1867. In March, 1858, Primm conveyed his interest in the lands to Henrichsen, telling him, at the time, that he owned nothing but such dower interest, and that was all he could convey. About a week afterward, Henrichsen purchased from Robert B. Latham his interest in these lands, it being a tax title claim, and obtained from Latham a deed therefor. The lands were purchased by Latham at a tax sale in 1852, for the taxes of 1851, and a tax deed was executed to him Nov. 27, 1854. Henrichsen took possession of the lands in the spring of 1858, and has been in the possession of, and paid the taxes on them ever since. The deed from Primm does not appear to be relied on as color of title, as it evidently could not be set up as color of title made in good faith; but it seems to be claimed that possession was gained thereunder, and the deed from Latham is relied on as good color of title.

This latter deed, in accordance with decisions of this court, must be regarded as constituting good color of title made in good faith. But it is claimed that this was done away with and the color of title lost by reason of a subsequent sale of the lands, and purchase of them by Latham in 1858, for the taxes of 1857, and a tax deed therefor made to him in 1861. It was not necessary that Henrichsen should have title, but only color of title.

That consisted in the deed from Latham to Henrichsen in the spring of 1858. The subsequent sale and conveyance of the lands for taxes in nowise impaired the deed itself as an operative deed, and Henrichsen still continued to hold his color of title, notwithstanding the subsequent tax sale and tax deed, and there could be no imputation to him of bad faith

in so doing. The cases cited by appellee's counsel on this head, we consider to be without application.

Henrichsen, then, having taken possession under his deed from Latham, in March, 1858, and paid the taxes for that year and each succeeding year thereafter, up to the filing of complainant's bill, he had, at that time, paid taxes for more than seven successive years, his color of title and possession concurring therewith, whereby, under the statute, he had acquired a complete bar. This, however, will not apply to the ten acre tract, as that was not included in Latham's tax deed of Nov. 27, 1854, and we do not consider, from the evidence, that that tract was embraced in the deed from Latham to Henrichsen in the spring of 1858. This deed, itself, was not produced, having been lost; and we are of opinion, from the evidence, that it only embraced the two forty acre tracts, they being all the lands that were contained in Latham's tax deed of 1854.

A point is made, that there is no sufficient evidence of the execution of this deed by Latham to Henrichsen.

Without reviewing the evidence, we will say that, although it is not so satisfactory as might be desired to establish the existence of a lost deed, we are inclined to believe from it that Latham did execute the deed, and that, with his assent, it was left in the hands of the witness Wyatt for Henrichsen, where it remained several years until it became lost. This would amount to a delivery by Latham to Henrichsen.

At the time of the tax sale to Latham in 1852, the heirs of Bradshaw, who held the adverse title, were under the age of twenty-one years, and so continued until October 1, 1862, when the eldest one became of age. The statute allowed them three years after the disability of infancy should have ceased to exist, within which to commence suit, and thereby prevent the accruing of the bar of the statute.

As to the eldest, John Bradshaw, the suit having been brought in 1867, it was commenced too late to save his interest from the bar.

As to the remaining heirs, there is no proof whatever as to their age, so that it does not appear that the suit was commenced within the limited time which would save their interest from the operation of the statute.

We can attach no importance to the certificate of redemption of James Bradshaw's interest, bearing date January 8, 1867, as proof of age. The statute regulating the sale of land for taxes, allows an infant one year after coming of age within which to redeem.

The certificate of redemption is only evidence of the deposit of the redemption money with the clerk; it is not evidence of the right to redeem, and consequently furnishes no evidence of the age of the person assuming to exercise the right to redeem.

Upon another hearing there will be an opportunity to supply the proof of the ages of the heirs, if it be important, and also any evidence that there may be to disprove the existence of a deed from Latham to Henrichsen. It was also erroneous to decree that Henrichsen's title should be annulled and extinguished.

Perceiving no error as respects the ten-acre tract of land, the decree as to that tract is affirmed; but as to the two forty-acre tracts of land the decree is reversed, and the cause remanded for further proceedings conformable hereto.

*Decree reversed in part.*