R. JORDAN PRICHARD

*v.*

DAVID LITTLEJOHN.

*Filed at Springfield April 5, 1889.*

1. BILL FOR PARTITION—*requisites—in setting forth the interests of all the parties.* A bill for the partition of land must set forth the interests of all the parties in the premises, as the court is required by the statute to find and declare the rights, title and interests of all parties. A bill which fails to do this is insufficient.

2. SAME—*cross-bill—not appropriate or necessary.* A cross-bill is not an appropriate pleading in a suit in chancery for the partition of land. The defendant, by requiring the complainant to file a proper bill and specifically answering the same, may obtain all the relief he can on a cross-bill. But by answering the cross-bill the complainant treats it as a proper pleading.

3. SAME—*allegations and decree—should correspond.* A cross-bill in a suit for partition averred that the complainant therein and one S. owned the premises as tenants in common, and showed that the complainant in the original bill had an interest in the land in common with the complainant in the cross-bill. The court, by its decree, found that the two complainants were tenants in common : *Held,* that there was a material variance between the cross-bill and the decree.

4. A cross-bill for the partition of land averred that the complainant was the owner of an undivided one-third interest in one of the tracts, and one S. of the other two-thirds, and this part of the bill was wholly disregarded in the decree : *Held,* that if it appeared on the hearing that the complainant in the original bill, and not S., was tenant in common with the complainant in the cross-bill, as the decree found, then the cross-bill should have been dismissed, unless it was amended so as to make it correspond with the proofs.

APPEAL from the Circuit Court of Fulton county ; the Hon. JOHN C. BAGBY, Judge, presiding.

This was a bill for partition, filed by the appellant, against appellee, November 26, 1886, on the chancery side of the Fulton circuit court, to the December term, 1886. The real controversy between the parties grows out of their conflicting claims of ownership to the undivided two-thirds of the north-

west quarter of the south-east quarter of section 13, town 5 north, range 2, east of the fourth principal meridian, in Fulton county, Illinois. By his original bill, appellant alleges that he and appellee are tenants in common to the whole of the south-east quarter of said section 13, appellee being the owner of an undivided 13⅓ acres, and he of the balance of the 160. There is a vague allusion to a deed from Abraham Littlejohn to appellee, but that part of the bill is wholly unintelligible. At the December term, 1887, the bill was amended, by alleging, "that on or about the . . . . day of August, 1868, the defendant made a certain deed of conveyance, wherein he conveyed to Abraham Littlejohn, his brother, the north-east quarter of south-east quarter and one-third interest in south-west quarter of south-east quarter of section 13, town 5 north, range 2, east of fourth principal meridian, Fulton county, Illinois, and on the same day, and at the same time, the said Abraham Littlejohn conveyed to the grantor of your orator, Thomas H. Scoville, the two-thirds interest in the north-west quarter, and the like interest in the north-east quarter, and one-third interest in south-west quarter, all in south-east quarter of section 13, town 5 north, range 2, east of fourth principal meridian; but your orator says there was a mistake made in the description of the premises intended to be conveyed by the defendant to said Abraham Littlejohn, in the first mentioned deed, and while the description was therein as above set forth, yet, in truth and in fact, the intention of both grantor and grantee was, the former to convey and the latter to receive thereby and therein a two-thirds interest in the north-west quarter, the like interest in the north-east quarter, and one-third interest in the south-west quarter of section 13, town 5 north, range 2, east of the fourth principal meridian, Fulton county, Illinois; that at the time, all of said parties supposed that the said deeds were alike in their description of the premises designed and supposed to be conveyed, and immediately thereafter the said grantor of your orator (Thomas H. Scoville) entered into

possession of the premises, and all of the same, as described in his deed from the said Abraham Littlejohn to him, and occupied and held the sole, exclusive, visible, open and notorious possession of the said premises, in good faith and adverse to all the world, from that time until September, A. D. 1886, at which time your orator succeeded to his rights, and took the like possession of the same, and has held it to the present time; that the said Thomas H. Scoville paid the taxes on said lands, as described in the deed from Abraham Littlejohn to him, during all the said time he was in the possession of the same, and that your orator has paid the taxes since. Your orator alleges he is the sole, exclusive and real owner of the premises so conveyed to him by the said Thomas H. Scoville, and which he received from the said Abraham Littlejohn. Whereupon your orator claims that said deed from said defendant to Abraham Littlejohn should be reformed in said description to conform to the said intentions of the parties thereto, and your orator be decreed to be the real owner of the same, as the grantee of the said Thomas H. Scoville."

It will be seen appellant claims, by his amended bill, to be the owner of the undivided two-thirds of the north-east and north-west quarters, and one-third of the south-west quarter of said south-east quarter of section 13, but says nothing as to the ownership of the other interests.

The answer to this bill, as amended, denies that there was any mistake in the deed from appellee to Abraham Littlejohn, and denies that Abraham conveyed to Scoville a two-thirds interest in the north-west quarter, and denies that he had any such interest to convey. He admits, however, in this answer, that he did convey to said Scoville a two-thirds interest in the north-east quarter, as alleged.

An answer to the original bill also appears in the record, which is as unintelligible as the bill. In one clause it "admits R. Jordan Prichard, by certain deeds of conveyance, which were duly recorded, made and executed by the heirs of Abra-

ham Littlejohn, deceased, is owner in fee of the said described tract, less 13⅓ acres, undivided, which is alleged to belong to this defendant." In the next clause all this is in effect denied.

Replications were filed to these answers. At the March term, 1887, appellee filed a cross-bill, in which he avers that he is "seized in fee of an undivided one-third interest in the south-west quarter and the north-east quarter of the said south-east quarter of said section 13, and in fee simple of an undivided two-thirds interest in the north-west quarter of said south-east quarter of said section 13 ; that by purchase since the decease of said Abraham Littlejohn, R. Jordan Prichard became and is seized in fee simple of the south-east quarter of the said south-east quarter of said section 13 ; that Thomas Scoville became and is seized, by purchase, of an undivided two-thirds interest in the south-west quarter and the north-east quarter of said section 13, and of an undivided one-third interest in the north-west quarter of said south-east quarter of said section 13." To this cross-bill Thomas H. Scoville was made party defendant, as was also appellant. Scoville was not served with process, and the cross-bill was afterwards dismissed as to him. Without any amendment, and, so far as the record shows, (except by recital in the decree,) without any answer thereto, the court below proceeded to render a decree of partition upon said cross-bill alone, reciting, "*the court finds that the allegations of said cross-bill are true,*" but decreed that appellee, complainant in the said cross-bill, is entitled to one-third of the south-west and two-thirds of the north-west quarter, and that appellant is entitled to two-thirds of the south-west quarter and one-third of the north-west quarter of said south-east quarter of section 13, etc., making no disposition whatever of the north-east quarter. The decree also appoints commissioners to make partition according to the decree, and from that decree appellant appeals to this court.

The unsatisfactory state of the record, arising from the pleadings, is increased by what appears to have taken place

at the hearing. A report of the master in chancery, reciting that the case had theretofore been referred to him, shows, "that he has examined the title to the lands described, and finds that by divers deeds, as appears recorded on the land records of said county, the title to said land described in the foregoing deposition of Thomas H. Scoville, all passed into the said Thomas H. Scoville, except the undivided one-third of the south-west quarter of said quarter section, which remained and still does remain in David Littlejohn, and that by deed of date September 13, 1886, said Thomas H. Scoville conveyed the north-half and the undivided two-thirds of south-west quarter of said south-east quarter, section 13, town 5 north, range 2 east, to R. Jordan Prichard, and that the said R. Jordan Prichard is now the owner in fee, as appears, and under said deed, of the north half and the undivided two-thirds of the south-west quarter of south-east quarter, section 13, and David Littlejohn is the owner in fee of the undivided one-third interest in said south-west quarter of south-east quarter, section 13, in town 5 north, range 2 east." No order of reference to the master appears in the record. No exceptions whatever appear to this report, and the decree recites that the testimony was taken in open court, and a bill of exceptions and an amended bill of exceptions appear in the record, purporting to contain the evidence introduced on the trial. Numerous deeds were offered, but not one of them appears in the bill of exceptions, and they are shown only in the form of an abstract, giving date, parties, and a general description of the premises conveyed, and, in some instances, the consideration appears in the amended bill of exceptions.

Mr. J. W. BANTZ, for the appellant.

Mr. D. ABBOTT, and Mr. H. W. MASTERS, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

After the foregoing statement little need be said by way of opinion in this case. The cross-bill was improperly filed. Appellee, by requiring appellant to file a proper bill, and specifically answering the same, could have obtained all the relief he seeks by the cross-bill. There seems, however, to have been no objection to it. By answering, appellant treated the cross-bill as a proper pleading in the case, and the court below makes it the basis of its decree.

There is a material variance between the allegations of this cross-bill and the decree. The cross-bill alleges that appellee and Thomas H. Scoville are tenants in common, and shows that appellant has no interest whatever in common with him. The decree drops Scoville out of the case, ignores the allegation as to his interest, and, contrary to the averments of the cross-bill, finds that appellant and appellee are tenants in common. Not only so, but the cross-bill avers that appellee is the owner of an undivided one-third interest in the northeast quarter, and Scoville of the other two-thirds, and this part of the bill is wholly disregarded in the decree. If it appeared, on the trial, that appellant, and not Scoville, was tenant in common with appellee, as the decree finds, then the cross-bill should have been dismissed, unless appellee chose to amend it so as to make it correspond with the proofs.

The decree is unsupported by the cross-bill, and for that reason must be reversed. Had the decree been based on the original and amended bills, it would have been equally erroneous. By the original bill, appellant claims title to the whole of the 160 acres, except the undivided $13\frac{1}{3}$ acres in appellee. By the same, as amended, he only claims a two-thirds interest in the north-east quarter and north-west quarter, and one-third interest in the south-west quarter, and wholly fails to set out the title as to the remaining interests.

A bill for partition must set forth the interests of all parties interested in the premises. The court must ascertain and declare the rights, title and interests of all parties to the suit. These are plain requirements of the statute, and must be conformed to. As has been said by this court, when it is considered that titles to valuable lands can be divested by this statutory proceeding, it is essential that the statute should be observed, and it has often been held, that a decree in partition which fails to find the respective interests of the several tenants in common, is erroneous.

As we are compelled to reverse this decree and remand the cause, that the issue between the parties may be presented by proper pleadings, we shall express no opinion at this time as to the merits of the respective claims of the parties to the north-west quarter of the south-east quarter of section 13.

The decree of the court below will be reversed, and the cause remanded, with leave to the respective parties to amend their pleadings and introduce further proofs, if they shall so desire.

*Decree reversed.*