FREDERICK R. WILSON

v.

FANNIE N. DRESSER *et al.*

| 152 | 387 |
| e202 | 86 |
| e202 | 93 |
| 152 | 387 |
| 210 | 4244 |

*Filed at Ottawa October 29, 1894.*

1. PRACTICE—*in Supreme Court—insufficient abstract.* If a defendant, on appeal or error, does not present an additional full abstract under the rule, it will be understood the case is submitted on the abstract filed, and the court will not examine a voluminous record in passing upon the points.

2. PARTITION—*suit in, involves a freehold.* A proceeding in partition involves a freehold, and an appeal in such a case to the Appellate Court is properly dismissed.

3. SAME—*when question of title may be settled in.* When, in a suit for partition, one defendant is in possession claiming adversely, the court, having acquired jurisdiction for the partition, will dispose of the question of title also, thus saving an action at law.

4. SAME—*scope of the action.* Inasmuch as the court is required by statute to find and declare, in a suit in partition, the rights, titles and interests of all the parties, the bill must set forth the interests of all the parties in the premises.

5. DECREE—*must be supported by evidence.* A decree in partition which is not supported by the evidence as presented to the court will be reversed.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. THORNTON & CHANCELLOR, for the plaintiff in error.

Mr. AUGUSTUS N. GAGE, for the defendants in error.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was a bill filed in the Superior Court of Cook county by Fannie N. Dresser, to partition the east half of lot 11, block 43, of canal trustees' subdivision of the south-east quarter of section 21, township 29 north, range 14, east of the third principal meridian, in Cook county. The bill set up that she owned two-thirds of the real estate described in her bill, and Lilly Belle Dresser one-third.

Lilly Belle Dresser, Henry H. Gage and Julia Wilson were made defendants to the bill. Shortly after the bill was filed, Frederick R. Wilson, plaintiff in error, appeared in court, suggested the death of Julia Wilson, and stated that she had died testate, and he was her sole devisee and executor, and asked to be made a party to the suit. Accordingly he was made a party defendant, and the bill abated as to Julia Wilson. Frederick R. Wilson filed his answer under oath, and set up that Julia Wilson was the owner of the real estate described in the bill by virtue of a deed to her made by himself, dated July 6, 1877, and that she continued to own it until the day of her death, which was December 15, 1877, at which time it passed to him by virtue of her last will. A replication being filed to this answer, the case was referred to the master to take and report the proofs. During the taking of the testimony it developed that plaintiff in error went into bankruptcy after he deeded the property to Julia Wilson, and that his assignee, Robert E. Jenkins, sold whatever interest he had in the property to one Taylor A. Snow. The bill was then amended, making Jenkins and Snow parties. During the pendency of the suit it seems that Henry H. Gage purchased the interest of Lilly Belle Dresser. Upon a hearing by the Superior Court, that court found the material allegations of the bill and amendments to be sustained by the proofs. The decree recited that Julia Wilson died testate, and plaintiff in error was given, by devise, all the title and interest which she had in the property at the time of her death; that Robert E. Jenkins, assignee, sold all the interest of plaintiff in error to the property in question to Taylor A. Snow; that at the commencement of this suit Fannie N. Dresser and Lilly Belle Dresser were the owners of the real estate in question; that Fannie N. Dresser derived title from the government by *mesne* conveyances, and deeded one-third to Lilly Belle Dresser; that after the commencement of the suit Lilly Belle Dresser conveyed her interest to Henry H. Gage, and

that Fannie N. Dresser owned two-thirds and Henry H. Gage one-third of the property in fee simple; also, that the interest of Frederick R. Wilson passed to Taylor A. Snow, and that complainant and Gage have an amicable arrangement with him as to his title. No objection is made to the decree by any of the parties except plaintiff in error.

It is objected by defendants in error that the abstract of the record filed by plaintiff in error is incomplete, and we are asked to examine the voluminous record in passing upon the points raised. Our rules provide ample means for presenting a full abstract by the appellee or defendant in error at the expense of the other party, if he has failed to perform that duty, and when that remedy is not availed of it must be understood that the case is submitted on the abstract filed. See Rules of Practice, 26-28, 93 Ill. 8; *Phelps* v. *Funkhouser*, 40 id. 27; *Yazel* v. *Palmer*, 88 id. 597.

It is contended by plaintiff in error that a freehold is not involved in this proceeding,—that a partition suit is in the nature of an accounting between co-tenants, and therefore the Appellate Court erred in dismissing his appeal to that court. The contrary has been frequently decided by this court. (*LeMoyne* v. *Harding*, 132 Ill. 23, and cases cited; *Ames et al.* v. *Ames et al.* 148 id. 321.) The Appellate Court had no jurisdiction of the subject matter of the action, and properly dismissed the appeal; but the record being here on writ of error to the Superior Court of Cook county, the questions raised on the merits are properly before us for decision, and will be disposed of.

Plaintiff in error insists that the Superior Court had no jurisdiction, in this proceeding, to settle the conflicting claims of the parties to the title to the property, and, as we understand, contends that that could only be done in an action of ejectment. That position is neither consistent with his own conduct nor in accordance with the law. He voluntarily came before the court and asked to be made a party to the bill, and himself put in issue, by his answer

or plea, the title to the premises.   When, in a suit for
partition, one of the defendants is in possession claiming
title adversely, the court, having acquired jurisdiction for
the purpose of partition, may do complete justice between
the parties and dispose of the whole question of title be-
tween them, and thus save the necessity of an action at
law.   (*Henrichsen* v. *Hodgen et al.* 67 Ill. 179 ; *Gage* v. *Light-
burn et al.* 93 id. 248 ; *Gage et al.* v. *Reid et al.* 104 id. 509.)
A bill for the partition of land must set forth the inter-
ests of all parties in the premises, as the court is required,
by statute, to find and declare the rights, titles and inter-
ests of all parties.   *Prichard* v. *Littlejohn,* 128 Ill. 123.

The only evidence of title in the complainant and
Henry H. Gage offered in the court below was a quit-
claim deed from Oliver W. Pierce to Fannie N. Dresser,
dated November 9, 1885, consideration one dollar ; a quit-
claim deed dated January 31, 1888, from Fannie N. Dresser
to Lilly Belle Dresser, conveying an undivided one-third,
consideration one dollar ; and a quit-claim deed dated
June 4, 1889, from Lilly Belle Dresser to Henry H. Gage,
for all the property, consideration one dollar.   No attempt
was made to show title in Oliver W. Pierce.   There is
therefore no evidence upon which to base the finding of
title in fee in Fannie N. Dresser and Henry H. Gage,
derived from the government, and it is clear that the
decree proceeds upon the theory that all the title claimed
by plaintiff in error was divested by the sale of his assignee
in bankruptcy, and transferred to Snow.   In other words,
if the decree is construed as settling the title between
the parties adversely to plaintiff in error, it is wholly
unsupported by the proofs.   He shows a deed to himself
for the property from the city of Chicago, dated May 24,
1864, and that he and his sister, Julia Wilson, remained
in possession to the bringing of this suit.   Manifestly,
then, the case must turn upon whether the Superior Court
erred in finding against him on his claim of title, on the
ground that it was divested by the assignee's sale and

conveyance to Snow. That he had possession under his deed, and that he conveyed to his sister, Julia Wilson, is not denied. It must also be conceded that if she owned the property at the time of her death, it passed, under her will, to him. It does appear that about a year after he made the deed to his sister he went into bankruptcy, and it is claimed by defendants in error that on the motion of his creditors he was adjudged to still be the owner of the property, and the same was ordered sold, and afterwards conveyed by his assignee to the purchaser. The evidence, as abstracted, wholly fails to support that contention, and counsel for defendants in error does not even cite pages of the record in support of it. All that appears from the abstract on that subject is the following : "Bankruptcy proceedings, showing property in question was never scheduled ; that no indebtedness to Julia Wilson was scheduled ; that the assignee, Jenkins, on the 20th day of July, A. D. 1889, sold whatever interest Wilson had in the property on the 30th day of August, 1878, to Taylor A. Snow." Nothing more is here shown than that the assignee (not by order of court) sold whatever *interest* Wilson had on the 30th day of August, 1878, to Snow. But the evidence shows that at that time he had no interest, having more than a year prior to that date, July 6, 1877, conveyed it to Julia Wilson, and the evidence *is* undisputed as to the fact that she took possession under that deed, and retained it by her tenants to the date of her death, and that her tenants remained in such possession when this suit was begun. There being nothing to show that that deed was ever set aside or the property adjudged to remain in plaintiff in error, how can it be said that Julia Wilson did not die seized of it? Suppose she had willed it to a third party, would it be seriously contended, under the evidence shown in this abstract, that such third party took no title under the will? We certainly think not. And we find nothing in this record upon which to base a

distinction between the rights of plaintiff in error and any other devisee to whom she might have willed it.

We are of the opinion, then, that the decree of the Superior Court is not supported by the evidence as it is presented to us, and that for that reason it must be reversed. The cause will be remanded, with directions to the Superior Court to allow such amendments to the pleadings as either party may desire to make, and to allow either of them to offer any additional competent proof.

*Reversed and remanded.*