*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

1. APPEALS AND ERRORS—*effect where evidence taken before master is not preserved in the record.* On writ of error to reverse a decree, if the evidence taken before the master, and upon which his report and the decree are based, is not preserved in the record, it must be presumed that the evidence was sufficient to sustain the findings of fact recited in the decree, and the decree will be affirmed.

2. SAME—*affidavits read on motion to set aside a decree should be preserved by certificate of evidence.* Affidavits copied into the record by the clerk, and which, it is claimed, were read in support of the motion to set aside the decree, cannot be considered by the Supreme Court if not made part of the record by certificate of evidence.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. A. K. VICKERS, Judge, presiding.

L. P. WILCOX, (NICHOLAS BRISTOW, and ALBERT KOCOUREK, of counsel,) for plaintiff in error.

J. JULIUS NEIGER, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a petition filed by the defendant in error in the circuit court of Cook county, against the plaintiff in error, for the assignment to her of dower, as widow of Joseph Heyer, deceased, out of certain lands described therein, located in Cook county, Illinois. An answer and replication having been filed, the cause was referred to a master in chancery to take proofs and report his conclusions. On July 3, 1901, the master gave notice to the plaintiff in error that he had completed his report, and fixed the time at three days in which to file objections thereto. On July 9 objections were filed and on the next day overruled by the master. On July 10 notice was served upon counsel for plaintiff in error that on the fol-

lowing day the defendant in error would move the court to confirm the master's report and to enter a decree in accordance with the terms thereof. At the time stated in the notice counsel for both parties appeared in open court, but the motion was not disposed of. On July 13 the matter coming up again and no exceptions having been filed to the master's report, in the absence of counsel for plaintiff in error the court confirmed the master's report and entered a decree in favor of the defendant in error that she recover dower in said premises, and for costs. On the same day the plaintiff in error entered a motion to set aside and vacate said decree, which motion, on July 22, was denied, and the record has been brought to this court on writ of error for review.

The plaintiff in error has assigned twenty-five errors upon this record, but when considered together they amount only to the claim that the court erred in entering the decree finding that petitioner was entitled to dower in the premises and in denying the motion of plaintiff in error to set aside and vacate said decree. The record filed in this court does not contain the evidence taken before the master, and upon which his report and the decree entered in the court below were based. In such case this court will presume the evidence was sufficient to sustain the findings of fact recited in the decree, and, as we have not before us the means of testing the correctness of such findings, the decree will be affirmed. In *McIntosh* v. *Saunders*, 68 Ill. 128, we say (p. 129): "The finding of the court as to what facts were proved by the evidence must be taken as conclusive. There has not been preserved in the record the means of testing the correctness of the finding in this respect." And in *University of Illinois* v. *Globe Savings Bank*, 185 Ill. 514, on page 525: "It is sufficient to uphold a decree in chancery that the facts as found by the court from the evidence are recited in the decree, and such finding must be taken as true when the evidence has not been preserved in the

record." And in *Highley* v. *Deane*, 168 Ill. 266, on page 271: "Where the record is incomplete and the correctness of the decree is dependent upon facts not before this court, we can but affirm."

The affidavits copied into this record by the clerk, and which, it is claimed, were read on the motion to set aside and vacate the decree, are not made a part of the record by a certificate of evidence, and are therefore not before us for our consideration. In *VanPelt* v. *Dunford*, 58 Ill. 145, it is said (p. 146): "The appellant seeks a reversal of the decree in this cause on two grounds: First, that the court ought to have awarded a new hearing on the affidavits filed in aid of a motion for that purpose. The affidavits to which reference is made form no part of the record and cannot be considered by the court. The appellant, to obtain the benefit of the affidavits in this court, should have had the same made a part of the record by the certificate of the judge who heard the cause in the circuit court." The certificate of the judge attached to this record, that "it contains all of the record necessary to a full and fair presentation of the errors complained of," is not a certificate that the affidavits were read as evidence on the motion to set aside and vacate said decree, and is wholly insufficient to make said affidavits a part of the record.

An appellate tribunal will indulge in all reasonable presumptions in favor of the action of the court below in order to sustain the decree reviewed, (*Schmidt* v. *Braley*, 112 Ill. 48,) and nothing appearing in this record to the contrary, we must presume the court below, for ample reasons then appearing, properly overruled the motion to set aside and vacate said decree.

The decree of the circuit court will be affirmed.

*Decree affirmed.*