## Laura Wheatley, Appellee, v. Albert P. Mracek and Henry C. Gettert, Appellants.

### Gen. No. 16,785.

1. PLEADING—*when vice of multifariousness waived.* The vice of multifariousness is waived if not raised by either bill or answer.

2. STATUTE OF FRAUDS—*when defense comes too late.* The defense that a contract set out in a bill is within the Statute of Frauds comes too late when first raised on appeal—such defense not having been raised by demurrer, plea or answer.

3. APPEALS AND ERRORS—*when not part of record.* Affidavits filed do not become part of the chancery record unless contained in a certificate of evidence.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed April 13, 1911.

HARRY A. BIOSSAT, for appellants.

W. L. MARTIN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by Mracek and Gettert from an

order denying their motion to dissolve an injunction for the following reasons:

"1.   There is no equity on the face of the bill.

(a)   The bill is multifarious in seeking relief against Mracek for specific performance of a contract and also in seeking relief against Gettert in seeking to set aside a judgment for possession recovered by said Gettert against complainant.

(b)   The bill seeks specific performance of a contract which is not signed by Mracek and hence is within the Statute of Frauds, there being no allegations of part performance.

"2.   The affidavits filed by the defendants show that there is no equity in complainant's bill upon the merits."

The objection that the bill is multifarious was not raised either by demurrer or answer, and will be considered waived.   Gilmore v. Sapp, 100 Ill. 297.

The defense that the contract set out in the bill is within the statute of frauds was not interposed by demurrer, plea or answer, and the objection comes too late when raised for the first time in this court.   Boston v. Nichols, 47 Ill. 353; Browne Stat. of Frauds, sec. 568.

The bill is verified.   Neither the answer nor the amended answer is verified.   There is no certificate of evidence and the affidavits filed and copied into the transcript are therefore not a part of the record.   Lange v. Heyer, 195 Ill. 420.

We think that the motion to dissolve the injunction was properly denied, and the order appealed from will be affirmed.

*Affirmed.*