## William J. V. Crosse, Appellee, v. Supreme Lodge Knights and Ladies of Honor, Appellant.

### Gen. No. 16,005.

INSURANCE—*particular question in application construed.* Held, that the question, "How long since you were attended by a physician or have professionally consulted one," is ambiguous and is susceptible of two interpretations, namely, "How long since you were last attended by a physician or have professionally consulted one," and "How long since you were first attended by a physician or have professionally consulted one," and that it was for the jury to determine as a question of fact how the question was understood and answered in the application.

Assumpsit. Appeal from the County Court of Cook county; the Hon. WILLIAM C. DeWolf, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed December 13, 1912.

ASHCRAFT & ASHCRAFT, for appellant; E. M. ASHCRAFT and CHARLES F. RATHBUN, of counsel.

EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from a judgment of the County Court for $1,000, in favor of appellee, rendered on the verdict of a jury in a suit begun by appellee to recover on a benefit certificate issued by appellant to one Mary Ellen Crosse.

On the trial, the court submitted to the jury the following special finding:

"Did the said Mary Ellen Crosse at any time within five years before the signing of the medical examination in evidence, professionally consult a physician?"

To this special finding the jury answered, "Yes." In the medical examination the applicant, Mary Ellen Crosse, was asked, "How long since you were attended by a physician or have professionally consulted one?" Her answer was, "Seven years."

The case was tried below, and has been argued here, upon the theory that the answer to this question was a warranty. Three reasons are urged by appellant for the reversal of this judgment: (1) That the verdict and judgment are contrary to the evidence; (2) that the court erred in refusing one of appellant's instructions and in modifying another; and (3) that the court erred in refusing to render judgment for the defendant on the special finding of the jury.

The correctness of all three of these contentions turns on whether the question, "How long since you were attended by a physician or have professionally consulted one?" is ambiguous and susceptible of two interpretations. If it means, "How long since you were *last* attended by a physician or have professionally consulted one?", the case should be reversed, for the evidence clearly shows, and the jury by their special finding found, that the applicant had professionally consulted a physician within five years. If, on the other hand, the question can as well be understood to mean, "How long since you were *first* attended by a physician or have professionally consulted one?" counsel for appellant admits the judgment must be affirmed.

Counsel have called our attention to but two cases in which the question here involved has been determined, and so far as we can find, they and the case of Moore v. Ins. Co., 3 Ont. App. (Upper Canada), 230, therein cited, are the only cases in which it has been determined. In the case of Stewart v. Equitable Life Association, 110 Ia. 528, the question put to the appli-

cant by the medical examiner was, "How long since you have consulted a physician?", and the answer was, "Five years." The proof showed that he had consulted a physician within a year in relation to the disease of diabetes, with which he knew he was then suffering and which eventually caused his death. The court, on that state of facts, said, on page 531 of that opinion:

"Did this establish the falsity of his answer? That must depend on the character of the question, and on what would one in the situation of the deceased understand to be desired? The inquiry was not how long since he last or first consulted a physician, but simply how long since he did so. If he had been under a doctor's care some time, he would naturally infer that the information desired was when he was first so attended. Thus, one in the habit of using tobacco or intoxicating liquors, when asked how long since you smoked or drank, would inevitably give the date of beginning. The same would be true in answer concerning any practice or custom. On the other hand, one without such attendance for some time would infer the question to call for the last time a doctor had been consulted. In Moore v. Insurance Co., 3 Ont. App. 230, it was held the assured, because of his situation, was authorized to construe a similar question to relate to the first time he was attended by a physician. These questions were prepared by the insurer, and must be construed liberally in favor of the policy holder. Because of the ambiguity, the information called for was uncertain, and whether the answer was false depends on the deceased's understanding of what was required. Ordinarily, the intention of the insured is not involved where answers are warranted to be true. See cases cited above. But, where their truthfulness depends on the construction of a question subject to two different interpretations, then his intention becomes important, for his understanding of the inquiry deter-

mines the character of the answer.    The material inquiry was whether the assured truthfully responded to the inquiry as he understood it.''

In the case of Smith v. Bankers' Life Association, 123 Ill. App. 392, the question asked of the applicant, ''How long since you consulted a physician?'' was under consideration, and the court held it was ambiguous and capable of being construed to mean either, ''How long since you *first* consulted a physician'' or ''How long since you *last* consulted a physician,'' and that which way the applicant understood it when he made his answer was a question of fact for the jury to determine, and was not one of construction by the court. Several other cases have been cited by counsel for appellant, in which similar questions have been construed, as if the word ''last'' had been included in the question, but in none of these cases was the question of ambiguity mooted, and the cases have been decided as if there was but one way in which the question could be construed.    Whether or not, if this was a new question for judicial determination, this court would have reached the same conclusion as was reached in the three cases cited, we feel disposed to adopt the holding in those cases, as being the only holdings of the courts in point, and therefore hold that the question in the case at bar is ambiguous, uncertain and susceptible of two constructions, and that what the applicant understood by it is one of fact for the jury to determine.

The instruction of appellant that was refused and the one that was modified and given were each framed by counsel for appellant upon the theory that it was the duty of the court to construe the question to mean, ''How long since you were *last* attended by a physician or have professionally consulted one.''    Neither of these instructions, in the light of the authorities cited, was correct.    The court properly refused the one and properly modified the other by adding, ''provided you believe from the evidence that Mrs. Crosse in her ap-

plication in evidence in answering '7 years' to the
question, 'How long since you were attended by a
physician or have professionally consulted one?' by
said answer meant thereby that it had been seven
years since she last professionally consulted a phy-
sician or was attended by one." If these instruc-
tions had been given as requested, each of them would
have told the jury, in effect, what the ambiguous ques-
tion above considered meant, and would have called
upon the jury to determine that the applicant had an-
swered untruthfully, for they found that, within seven
years prior to the medical examination, she had been
attended by or had consulted a physician. This
would have been manifestly wrong. While it is for
the court to interpret a contract, it is not for the court
to tell a jury what a person meant by an answer to an
ambiguous question.

The contention that the court should have entered
judgment on the special finding of the jury is likewise
without merit. The jury found that the applicant had
professionally consulted a physician within the five
years before the time of the medical examination.
That finding would be controlling of the general ver-
dict only in case the jury found that the insured had
understood the ambiguous question heretofore dis-
cussed to mean when she last consulted a physician,
and would be in no wise conflicting with the general
verdict, if they found she understood it to mean when
she first consulted a physician. It was, by the modifi-
cation of the instruction above quoted, expressly left
to the jury to determine which way she understood it,
and they were told to return a verdict in favor of the
defendant if they understood it to mean when she *last*
consulted a physician. They returned a verdict in
favor of the plaintiff, which amounted to a finding by
them that she did not understand the question to so
mean, unless they entirely disregarded the instruc-
tions of the court, and this we have no right to assume.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*