## In re Estate of Anna Reed, Deceased.
## Annie Johnson, Appellee, v. John F. Devine, Administrator, Appellant.

### Gen. No. 19,409.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded with directions. Opinion· filed April 28, 1915.

### Statement of the Case.

Claim of Annie Johnson against John F. Devine, as administrator *de bonis non* of the estate of Anna Reed, deceased, for $3,000, which the claimant alleges the intestate agreed to bequeath to her by will. The Probate Court disallowed the claim. The claimant prosecuted her appeal to the Circuit Court where she had a verdict and judgment thereon for the full amount. On appeal to this court the case was reversed and remanded. (166 Ill. App. 341.) Upon reinstatement of the case in the Circuit Court a verdict was returned for the plaintiff and judgment entered thereon for the full amount of the claim. Defendant appealed.

STERN, ANDERSON & DAVIS, for appellant; LOUIS C. EHLE, of counsel.

GIDEON S. THOMPSON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 252*—*when amended statement of claim not inconsistent.* A claim as originally filed, "To

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

services rendered by claimant * * * to be compensated for by legacy to claimant for * * * $3,000.00," implies the existence of a contract or agreement as the basis of the claim, and is not inconsistent with a claim subsequently filed, based upon a contract to bequeath.

2. WILLS, § 54*—*what evidence proper in action to enforce contract to bequeath.* In an action by a claimant of an estate on a contract to bequeath, the jury are entitled to know all the facts and circumstances concerning the existing relations between the parties, their disposition and conduct towards each other and the character and extent of the services performed by the claimant, for the purpose of enabling the jury to weigh the testimony of the witnesses, in the light of all the facts and circumstances of the case, and determine the credibility of the same.

3. WILLS, § 54*—*what proof required to enforce contract to bequeath.* In an action on an oral contract, which the claimant claimed was made between the deceased and herself, in which contract she claimed the deceased agreed to give her a certain sum of money if she would stay with her until the death of the deceased, it is only necessary to enable the claimant to recover thereon to prove her case by a preponderance of the evidence.

4. WILLS, § 52*—*when consent implied to contract to bequeath.* Where statements were made by the deceased in the presence of the claimant that she had agreed to bequeath the claimant a certain sum of money to stay with her until her death, the assent of the claimant to such arrangement may properly be implied.

5. WILLS, § 52*—*when evidence shows contract to bequeath.* Evidence *held* sufficient to establish a contract on the part of decedent to bequeath a definite sum of money to a servant who had been in her employ many years and whose wages, in comparison with the character of the work performed, had been inadequate.

6. EXECUTORS AND ADMINISTRATORS, § 313*—*when award of execution against estate improper.* The award of an execution against an administrator in an action by a claimant on a contract made by the claimant with the deceased is improper, the judgment in such case should be against the administrator to be paid in due course.

7. APPEAL AND ERROR, § 1804*—*when cause not remanded for error subsequent to judgment.* Where no error intervened prior to the entry of judgment against an administrator, on which judgment execution was erroneously issued from the Circuit Court, a *venire facias de novo* will not be awarded, but the judgment will be reversed and the cause remanded with directions to the Circuit Court to enter a judgment upon the verdict against the administrator to be paid in due course of administration.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.