MARY E. HURLBUT *et al. vs.* ALEXANDER TALBOT *et al.* Defendants in Error.—(MILDRED REED *et al.* Plaintiffs in Error.)

*Opinion filed April 20, 1916—Rehearing denied June 8, 1916.*

1. APPEALS AND ERRORS—*presumption where there is no certificate of evidence.* On writ of error to review a decree based upon the report and recommendations of the master in chancery and upon testimony taken in open court, it will be presumed, in the absence of a certificate of evidence, that there was evidence to sustain the findings of fact contained in the decree.

2. PARTITION—*object of partition suit.* The object of a partition suit, under the statute, is to divide and partition the land of a deceased person among the heirs or owners thereof according to their respective interests, and as the court must ascertain and decree the interests of the parties, all persons having or claiming any possible interest in the land should be made parties, if it is desired to obtain complete relief.

3. SAME—*what may be included in a partition proceeding.* In a proceeding to partition property consisting of various city lots, some improved and rented and others unimproved, when the parties in interest are so numerous and their interests are so varied that there can be no practical division of the property, it is proper, in order to clear the title and enable the property to be sold at a price near its value, to bring in for determination the rights of an heir who has obtained a master's deed to one of the lots, based on a decree in a suit begun by her after the partition suit was commenced and a receiver appointed, and the rights of another heir who has succeeded in obtaining the allowance of a claim against the estate for alleged breach of a contract by the ancestor to make her a specific bequest of money for services rendered.

4. SAME—*real estate is subject to claim for alleged breach of contract to make a specific bequest.* The real estate of a deceased

person is subject, in a proper proceeding, to the payment of a claim allowed against the estate as a seventh-class claim, even though the claim is based upon an alleged breach of a contract by the deceased to make a specific bequest for care and services rendered by the claimant, and hence it is proper to have the rights of such claimant, under her judgment, determined in a partition proceeding by the heirs of the deceased person.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding.

GIDEON S. THOMPSON, for plaintiffs in error.

WISNER & WALSH, (F. W. BALCOMB, and CHARLES D. McGRATH, of counsel,) for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Plaintiffs in error, Mildred Reed and Annie Johnson, have sued out a writ of error from this court to reverse a decree of the superior court of Cook county which was before this court in the case of *Hurlbut* v. *Talbot*, (*ante*, p. 299,) and the property involved is the same. In the opinion in that case the rights of Joseph W. Mattes, as administrator *de bonis non* of the estate of Charles J. Reed, deceased, were alone considered. As stated in that opinion, Ann Reed (or Ann Reed Mangel) died intestate April 27, 1907, in Cook county, seized of the real estate in controversy, leaving no husband or children or descendants of children her surviving but leaving as her heirs-at-law the descendants of certain deceased brothers and sisters. On May 4, 1907, Mary E. Hurlbut, a niece of said deceased, filed her bill for partition of said real estate in the superior court of Cook county. Certain of the defendants appeared and answered the bill, admitting the interests of the parties were correctly set forth therein. A default was entered as to those not answering, and the cause was referred to a master in chancery to take the proofs and report the same, with his conclusions of law and fact. Thereafter, June 8,

1910, Frank Talbot and other of the defendants to the original bill filed their cross-bill, alleging the death of certain parties in interest and that their interests were not correctly set forth in the original bill; that since the filing of the original bill Mildred Reed had instituted certain proceedings in the superior court of Cook county, by which she procured a decree to be entered on December 30, 1908, by default, in a suit entitled Mildred Reed *vs.* Michael Murphy *et al.,* by which the master in chancery of said court was directed to execute a master's deed to her of one of the pieces of property sought to be partitioned, known as the Jackson avenue property; that on January 8, 1909, the master made such deed to her, and the same was thereafter recorded in the recorder's office of Cook county and constitutes a cloud on the title to the premises; that at the time the suit was instituted Mildred Reed knew of the pendency of this proceeding, of the partition suit, that a receiver was in charge of said premises appointed by the court in this suit, that said receiver was not made a party in the suit brought by Mildred Reed, and that she might easily have learned the names and addresses of the cross-complainants, some of whom were residents of Cook county, but that she caused an affidavit to be filed stating that the places of residence of the heirs of said Ann Reed were unknown to her, and by such false affidavit procured a decree to be entered by default; that the reason the cross-complainants were not made parties to that proceeding and notified of the same was because she desired to obtain a decree by default, well knowing that if a defense were interposed she could not obtain a decree in her favor; that she thereafter executed a trust deed on the property to Peter J. Weber which was wholly without consideration, and that the trustee took title to said real estate with knowledge that Mildred Reed had no right or interest in or to the same, and that the trust deed is a cloud on the title to said premises and was made as part of a conspiracy to cloud the title to the premises; that

on April 27, 1907, letters of administration were issued to
J. F. Devine, as administrator *de bonis non* of the estate of
Ann Reed, and thereafter an inventory was filed which in-
cluded the real estate in question as her property; that An-
nie Johnson filed a claim against said estate, falsely claiming
Ann Reed was indebted to her in the sum of $3000, which
claim was disallowed by the probate court but on appeal to
the circuit court was allowed by that court in the amount
of $3000 and a judgment entered in her favor for the said
amount, from which an appeal was prosecuted to the Ap-
pellate Court, where the same was then pending; that if
such claim is sustained it will be necessary to sell real estate
to pay said claim, so that it constitutes a cloud on the title
to said real estate and prevents a sale thereof; that cross-
complainants were not parties to said proceeding, and pray
that the decree entered on December 30, 1908, directing the
master in chancery to execute a deed to Mildred Reed to
part of the premises sought to be partitioned, be vacated
and set aside and the deed canceled, and that the said deed
and the deed of trust to Weber and the claim of Annie
Johnson be decreed clouds upon the title to said real estate
and that they be removed.     .     .

A demurrer by Annie Johnson to the cross-bill was over-
ruled, after which she answered the same, denying most of
the material allegations thereof, to which answer the cross-
complainants filed their replication.

Mildred Reed filed a special plea, in which she alleged
that due service was had by publication on all defendants,
including the cross-complainants and their ancestors, in the
prior suit instituted by her; that the court had jurisdiction
both of the persons and of the subject matter of the pro-
ceeding, and entered a decree finding Ann Reed was the
owner in fee simple of said premises and had entered into
an agreement with Mildred Reed to settle, adjust and com-
promise all matters in controversy between them, by which
she (Ann Reed) had agreed to devise to Mildred Reed the

property located at 6450 Jackson avenue and that she had fulfilled her part of the agreement. By an amendment filed April 5, 1912, she denied that she practiced any fraud or imposition on the court in obtaining such decree or that she knew or might easily have learned the names and addresses of the cross-complainants, and averred that the affidavit of non-residence filed was true.

A decree was entered on the issues raised by the pleadings to the original bill and cross-bill. The decree entered on the original bill approved and confirmed the master's report, which finds the fee simple title to the real estate in question to be in the heirs-at-law of Ann Reed as tenants in common, and sets forth their respective interests in said premises. The same finding was made as to the ownership of the real estate in that part of the decree entered on the cross-bill, which further finds that the decree of the superior court entered December 30, 1908, in favor of Mildred Reed was secured through her fraud and misrepresentation, and that the same should be vacated and set aside and the deed to her by the master in chancery be set aside and held void and canceled as a cloud on the title to the real estate of which Ann Reed died seized; that the claim of Annie Johnson for damages for alleged breach of contract on the part of said Ann Reed constitutes no claim against or lien upon said real estate of which she died seized but constitutes a cloud upon the title to said real estate and should be removed as such, and decrees relief in accordance with the finding of facts made in the decree, and more particularly that the title to said real estate be vested in the heirs of Ann Reed in the proportions as therein found, free and clear of any right, title or interest of Mildred Reed and Annie Johnson, and that a partition of the premises be made. No certificate of evidence was taken of the proofs upon which this decree was based or exceptions taken to the findings of the special master, which are approved and confirmed by the decree.

It is assigned as error on behalf of plaintiffs in error, Mildred Reed and Annie Johnson, that the court was without jurisdiction of the matters alleged in the cross-bill; that the decree improperly declares the rights and interests of plaintiffs in error to be clouds on the title; that the decree is contrary to the law and facts; that the court erred in not finding the bill to be multifarious; that the court erred in ordering the decree and master's deed in the case of Mildred Reed *vs.* Michael Murphy *et al.,* and the master's deed issued pursuant to said decree, be set aside, canceled and held for naught and that plaintiff in error Mildred Reed had no right, title or interest in said real estate; also, that the court erred in ordering that the claim of Annie Johnson against the estate of Ann Reed, of any and every nature and description, is no lien against, and in her favor constitutes no right, title or interest in or to, the said several parcels of real estate, title to which is found in the heirs-at-law of Ann Reed.

As many of the questions raised by the assignments of error have been disposed of in the case of *Hurlbut* v. *Talbot, supra,* it will only be necessary to pass upon those portions of the decree affecting the rights of plaintiffs in error, Mildred Reed and Annie Johnson. The decree was based upon the report and recommendations of the master in chancery to whom the case was referred to take the proofs on the original bill of complaint and upon the testimony taken in open court on the hearing on the cross-bill, as recited in the decree. In the absence of any certificate of evidence it will be presumed that there was evidence to sustain the findings of fact found in the decree.

It appears that after the original bill for partition was filed and a receiver appointed by the court for the property, Mildred Reed began a proceeding in the superior court of Cook county based upon an alleged breach of oral contract with Ann Reed Mangel in the lifetime of the latter, in which she claimed that the deceased had agreed to devise to

her a portion of the property involved. Certain of the parties to the suit were residents of Cook county and certain of the heirs of Ann Reed Mangel were non-residents. No attempt was made to get personal service on the resident heirs and parties in interest or upon the receiver in charge of the property, and the only service in the suit was by publication, and that, as alleged in the cross-bill, on an affidavit of non-residence filed by Mildred Reed which was knowingly false. The jurisdiction of the superior court had attached to the property in question and the property was in the custody of a receiver appointed by that court, and, so far as we are advised, the property in controversy is still in the custody of such receiver pending the outcome of this litigation. Mildred Reed was made a party to the cross-bill and answered, and apparently her rights were fully considered by the court. Evidence was heard thereon, and in the absence of any certificate of evidence it must be presumed that the evidence justified the findings by the court in the decree. *Lange* v. *Heyer,* 195 Ill. 420; *Allen* v. *Henn,* 197 id. 486; *King* v. *King,* 215 id. 100, and cases cited.

The court found and decreed that the claim of Mildred Reed to the so-called Jackson avenue property is without foundation in law or equity; that the master's deed to said premises executed in her favor pursuant to the decree of court was secured through her fraud, connivance and misrepresentation and should be set aside, and that said deed was a cloud upon the title of the heirs-at-law of Ann Reed in and to the real estate of which she died seized and should be decreed to be void and inoperative to pass title; that the decree upon which the master's deed was based be and the same is set aside, canceled and held for naught, and the deed executed by the master in chancery pursuant thereto be set aside, canceled and held for naught; and that Mildred Reed had no right, title, interest or claim against the said several pieces of real estate, title of which is found to be in the heirs of Ann Reed. The suit in which this de-

cree was finally entered had been started and the court had thereby acquired jurisdiction of the parties and the subject matter when the matters arose by which Joseph W. Mattes, as administrator, and Mildred Reed and Annie Johnson, had or might have or claim an interest in the real estate the subject matter of the suit, by reason of the actions, respectively, taken by them. The cross-bill was filed merely for the purpose of bringing in these interests. The main question argued and to be determined is whether these matters and the interests of Mattes and the plaintiffs in error in the property involved in this suit should be disposed of in this proceeding.

The object of partition suits, under the statute, is to divide and partition the land of deceased persons among the heirs or owners thereof according to their respective interests, and the courts in such suits must ascertain and decree the interests of the parties. It is by no means uncommon in a bill for partition to seek the partition and division of several tracts of land or distinct pieces of property, each having been derived through different sources of title and each tract involving different interests and liens that should be disposed of in the suit. It is essential in these suits, and the statute expressly provides, that all persons having or claiming any possible interest in the lands should be made parties, otherwise complete relief cannot be granted. In the case at bar the property sought to be partitioned consists of different city lots, some of which, at least, are improved and rented, as appears from the master's report. There are a large number of parties in interest, and the shares of the several heirs as found by the decree are of such fractional proportions that it is very evident there can be no division of the real estate without manifest prejudice to the parties in interest, so that a sale will eventually be necessary. Such a sale will not bring anywhere near the value of the property unless the title can be cleared in this proceeding so the purchaser can be invested with a good title, as provided in

the partition statute. As stated by this court in the case of *Gage* v. *Reid,* 104 Ill. 509, on page 512 of the opinion: "It is insisted that in a bill for partition, under the statute, no title can be examined or brought into the case but that in the line in which the tenants in common claim; that separate titles derived from other sources and claimed in other chains of title cannot be brought before the court and investigated in such a proceeding. The fifth section of the Partition act requires the petition to set forth the interests of all persons interested in the premises, so far as they are known, including tenants for years, for life, by curtesy, dower, and all persons entitled to the reversion, remainder or inheritance, and of every person who, upon any contingency, may be or become entitled to any beneficial interest in the premises, so far as known. The sixth section provides that every person having any interest, whether in possession or not, and who is not a petitioner, shall be made a defendant. The language of these sections is very comprehensive, and its generally accepted import would include all known titles, whatever their source or character. Again, the thirty-ninth section is very broad and confers more comprehensive jurisdiction than the fifth and sixth sections. It provides that 'in all suits for the partition of real estate, whether by bill in chancery or by petition, under this act, the court may investigate and determine all questions of conflicting or controverted titles, and remove clouds upon the titles to any of the premises sought to be partitioned.' When we consider that this provision was adopted as an amendment, it is apparent that it was intended to enlarge the scope of the fifth and sixth sections. These sections fully covered and conferred jurisdiction to find the ownership and interest of the parties derived from the same source and in the same chain of titles. The thirty-ninth section must therefore have been intended to enlarge their operation so as to embrace all known claims and titles to the premises sought to be partitioned, without regard to their

source. The statute, in terms, embraces all conflicting titles, and every kind of adverse title conflicts with all other titles. It also embraces controverted titles,—and this includes all disputed titles, of every nature. But as though this was not sufficiently specific in its comprehensive provisions, it authorizes the removal of clouds upon the titles involved in the partition suit. We are unable from the language of the act to limit the jurisdiction of the court to the line or chain of title under which a part or even the whole of the tenants in common claim, but must hold that petitioners must make all persons known to hold an interest in or who claim title to the premises, parties to the proceeding. The statute, we think, will bear no other construction." In the case of *Wilson* v. *Dresser,* 152 Ill. 387, it was said on page 390 of the opinion: "When, in a suit for partition, one of the defendants is in possession claiming title adversely, the court, having acquired jurisdiction for the purpose of partition, may do complete justice between the parties and dispose of the whole question of title between them, and thus save the necessity of an action at law. (*Henrichsen* v. *Hodgen,* 67 Ill. 179; *Gage* v. *Lightburn,* 93 id. 248; *Gage* v. *Reid,* 104 id. 509.) A bill for the partition of land must set forth the interests of all parties in the premises, as the court is required, by statute, to find and declare the rights, titles and interests of all parties.—*Prichard* v. *Littlejohn,* 128 Ill. 123."

We think the court was warranted in going into the matter of the rights claimed by Mildred Reed, and we must infer that the evidence was sufficient to support the findings of the decree in that regard. The decree and its findings and orders as to the rights of Mildred Reed must be affirmed.

As to the plaintiff in error Annie Johnson, an investigation, outside the record, of the reports of the decisions of the Appellate Court, which are proper to be considered in this connection, discloses that she filed her claim against the

estate of Ann Reed in the probate court and it was disallowed. She appealed to the circuit court, where there was a trial and she recovered a judgment. There was an appeal to the Appellate Court for the First District, where the judgment was reversed and the cause remanded for a new trial. (*Johnson* v. *Devine,* 166 Ill. App. 336.) There was another trial in the circuit court, and claimant recovered a judgment for $3000. There was an appeal from this judgment by the administrator to the Appellate Court, which reversed the judgment of the circuit court because the judgment awarded an execution against the administrator and remanded the cause, with directions to enter a judgment to be paid in due course of administration. (*Johnson* v. *Devine,* 192 Ill. App. 453.) This was practically an affirmance of the judgment, as it was only reversed *pro forma.*

It was alleged in the cross-bill that if the claim of Annie Johnson were sustained it would be necessary to sell real estate to pay debts, and that the claim constituted a cloud on the title of the real estate sought to be partitioned and prevented the sale thereof. The court found that the claim of Annie Johnson constitutes no claim against or lien upon said real estate but constitutes a cloud upon the title thereto and should be removed. This was, in effect, setting aside the judgment of plaintiff in error Annie Johnson. We infer from the nature of the claim as set out in the opinion of the Appellate Court in the last appeal, *supra,* and the finding in the decree, that the learned chancellor was of the opinion that the claim being for failure of the deceased to make the claimant a specific bequest of money for care and services rendered, the allowance of such claim would be the same as if the claimant had been bequeathed by will a sum of money and that such bequest would not be a charge upon real estate of the deceased unless so provided by will. This was error. Her judgment was like any other judgment which results from the allowance of a seventh-class claim to be paid in due course of administration. If there is not sufficient per-

sonal property to pay the claim,—and the cross-bill says there is not,—then the real estate may be made subject thereto in a proper proceeding. She has recovered a judgment, and it has been sustained, in effect, by the Appellate Court. If the decree is sustained in its findings as to the judgment, the real estate in controversy could not be sold to satisfy it.

The decree of the superior court will be reversed as to the finding on the judgment of Annie Johnson and affirmed in all other respects, and the cause will be remanded to the superior court of Cook county, with directions to enter a decree in conformity with the views herein expressed.

*Reversed in part and remanded, with directions.*