## Henry L. Young *et al.*

### *v.* .

## The Matthiesen and Hegeler Zinc Company.

*Filed at Ottawa November 20, 1882.*

Appeal—*does not lie from interlocutory order.* An appeal will not lie from a mere interlocutory order in a suit in chancery, as, from an order refusing to allow one to become a party defendant to the bill, there being no final decree in the case. Until such decree is entered it can not be known that the refusal has prejudiced the applicant's rights.

Appeal from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of La Salle county; the Hon. Geo. W. Stipp, Judge, presiding.

Messrs. Mason Brothers, and Mr. Charles Blanchard, for the appellants:

Any person interested in the subject matter of a bill in chancery has a right to be made a party, upon his petition. 16 Ga. 137; *Marsh* v. *Green,* 79 Ill. 387.

Mr. E. F. Bull, for the appellee:

Appellants do not show any such special interest in any imaginary damage that may be done to the streets, as will authorize them to be heard. Their interests must be protected by the corporate authorities—by the sovereign power. High on Injunctions, 291, sec. 522, and cases there cited; *Bigelow* v. *Hartford,* 14 Conn. 565.

The order refusing appellants' application to compel the appellee to amend its bill and make them parties defendant, is not one from which an appeal can be taken, and appellee therefore moves the court for an order dismissing the appeal. *Racine and Mississippi R. R. Co.* v. *Farmers' Loan and Trust Co.* 70 Ill. 249; *Gage* v. *Eich et al.* 56 id. 297; *Woodside* v. *Woodside,* 21 id. 207; 2 Daniell's Ch. Pr. 1543, and cases cited in note 1.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is simply from an order of the court below refusing to allow the appellants to become parties defendant to a bill in chancery filed against other parties. No final decree has been entered in the case, and until such decree is entered how can it possibly be known that this refusal has prejudiced appellants' rights? It may be that decree will accomplish, without appellants' intervention, precisely what they claim ought to be done. The order is clearly interlocutory, and therefore not the subject of an appeal. *Racine and Mississippi R. R. Co.* v. *Farmers' Loan and Trust Co.* 70 Ill. 249; *Gage* v. *Eich et al.* 56 id. 297; *Woodside* v. *Woodside,* 21 id. 207.

The appeal must be dismissed, and it is so ordered.

*Appeal dismissed.*