(Nos. 17884-17789.—Cause transferred.)

HOMER A. PFEIFFER *et al.* Appellees, *vs.* RICHARD G. KEMPER *et al.* Appellants.

*Opinion filed December 23, 1926.*

FREEHOLD—*when freehold is not involved in appeal from partition decree.* Where a defendant in his answer to a bill for partition admits all the allegations of the bill as to title and heirship but claims that certain beneficiaries, under an agreement of the ancestor for the making of a will, should have been made parties and that their interests are a cloud on the title of the complainants and defendants, and files a cross-bill making such beneficiaries parties and prays for a construction of the agreement, an appeal from a decree sustaining exceptions to the answer, dismissing the cross-bill and granting partition as prayed in the complainants' bill does not involve a freehold.

APPEALS from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

HENRY B. SPURLOCK, and EDWARD H. S. MARTIN, for appellant Richard G. Kemper.

BRADLEY, WILLIAMS, HARPER & FARRELL, (EDWARD J. FARRELL, of counsel,) for appellant the Church Extension Board of the Presbytery of Chicago.

HOOVER & CODY, for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellees filed in the circuit court of Cook county their bill for partition of certain real estate in that county, in which bill it was alleged that the real estate sought to be partitioned was owned by the complainants and defendants in the following proportions: Christina A. Ermeling, Margaret Baltz and Richard G. Kemper an undivided one-fourth each; Sadie Parsons, Florence M. Friedl, Dorothy A. Pfunder, Homer A. Pfeiffer and Frank W. Pfunder an undivided one-twentieth each. The bill alleged that the present owners of the property acquired their title by inheritance from Anna K. Kruse, alias Katherine A. Kruse, who died March 26, 1924, who became the sole owner of the property September 4, 1920, at the death of her husband, Henry F. Kruse, with whom she owned the property in joint tenancy. Defendant Kemper filed an amended answer, which admitted all the allegations of the bill as to title and heirship and alleged that there was recorded April 21, 1925, in the recorder's office of Cook county, an agreement under seal, dated May 1, 1914, between Anna K. and Henry F. Kruse, providing that immediately upon the death of either of them the survivor should make a will providing for the sale of the real estate at the death of the survivor, and further providing that one-third of the proceeds of her estate, or two-thirds of the proceeds of his estate if he should be the survivor, after paying all debts and expenses, should go to such beneficiaries as should in writing have been specified by the first decedent. The answer further alleged that certain persons and corporations claim that Henry F. Kruse on July 21, 1914, executed in writing and delivered to Anna K. Kruse a document specifying them as beneficiaries to be given legacies by her will, to be paid out of one-third of the net proceeds of the sale of the real estate; that said persons and corporations always have claimed that the written agreement and specification of beneficiaries

constituted a charge upon the premises or the proceeds of sale thereof; that said claims are unfounded in law and in fact but nevertheless constitute a cloud on the title of complainants and defendants to the real estate, and unless the beneficiaries are made defendants and brought before the court so that their claims can be passed upon, the price to be realized at a partition sale will be one-third less than it otherwise would be; that said beneficiaries are necessary parties, and on account of the failure to make them parties complainants are not entitled to relief. Kemper also filed an amended cross-bill, in which he alleged facts substantially as in his amended answer, to which he made cross-defendants all parties to the original bill other than himself as well as all those claiming as beneficiaries, and prayed that the agreement and specification of beneficiaries be construed and the same be declared a cloud upon the title and that partition be decreed. The complainants demurred to the amended cross-bill and filed exceptions to the amended answer. The court sustained the demurrer and exceptions, dismissed the cross-bill, ordered that default of Kemper be entered and that the bill be taken as confessed against him for want of an answer. Kemper having stood by his amended answer and amended cross-bill, a decree was entered against him and the other defendants by default, appointing commissioners to partition the real estate as prayed for in complainants' bill. From that decree this appeal has been taken.

From the above statement it is evident that there is no question involved upon this appeal which would give this court jurisdiction of the same. (*McCarthy* v. *McCarthy*, 282 Ill. 488.) The cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*