## Homer A. Pfeiffer et al., Complainants and Appellees, v. Richard G. Kemper et al., Defendants, on Appeal of Richard G. Kemper, Appellant.
## Separate Appeal of Church Extension Board of the Presbytery of Chicago, Intervening Petitioner and Appellant.

## Gen. Nos. 31,634 and 31,635.

1. PARTITION—*proper order to be appealed from by interveners.* Interveners in a partition proceeding properly appealed from the final order of partition and not from an interlocutory order refusing them permission to file their intervening petitions.

2. PARTITION—*contract right in decedent's estate as ground for intervention.* Under Cahill's St. ch. 106, ¶ 14, providing that those having an interest in property may intervene by petition in proceedings to partition it, those named by a husband to be made beneficiaries in his wife's will under contract that she would so do in case she survived him, which she did, had such interest in the decedent wife's property as entitled them to file intervening petitions in a proceeding for partition thereof.

3. WILLS—*when contract to devise will be enforced.* A person owning property may contract to dispose of it by will in a particular way and such contract if based on sufficient consideration and clearly established will be enforced in equity.

4. WILLS—*consideration for contract for mutual wills.* A contract under seal between husband and wife reciting that certain property was

conveyed to them in joint tenancy "for family peace and harmony" and containing the promise of each to make a certain described will in return for the like promise of the other, depending on which one survives, shows a good consideration between the parties.

5. WILLS—*when beneficiaries need not be named in contract to devise.* A contract by the owner of property to dispose of it by will is not invalid as not naming the beneficiaries if the contract points out the beneficiaries shall be those named by another party who in fact did so name them by a written instrument.

6. PARTITION—*what entitles party to appeal from decree giving all he asked.* One who had dismissed in partition proceedings his cross-bill in which he properly asked that other persons be brought in and it be determined whether they had an interest in the property and to what extent, has suffered from an adverse decree to the extent that he may appeal therefrom although the trial court gave him all the share of the property that he claimed.

Appeal by defendants from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1926. Reversed and remanded with directions. Opinion filed June 7, 1927.

HENRY B. SPURLOCK and EDWARD H. S. MARTIN, for Richard S. Kemper, appellant.

HOOVER & CODY, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

In proceedings for partition of certain improved premises in Cook county, commenced by the filing of appellees' bill on May 19, 1925, a decree was entered on June 25, 1926, ordering partition as prayed. From this decree separate appeals were perfected in the Supreme Court—one by Richard G. Kemper, a defendant to the bill, and the other by the Church Extension Board of the Presbytery of Chicago, a religious corporation (hereinafter called the Church Board), which, with three other similar corporations, had asked leave (by intervening petition) to be made parties defendant to the bill and to file an answer, etc., and which leave the circuit court had denied. After the two appeal

causes had been consolidated in the Supreme Court, it there was ordered, on December 23, 1926, that they be transferred to this Appellate Court, upon the ground that the Supreme Court had no jurisdiction thereof, as a freehold was not involved. (*Pfeiffer v. Kemper,* 323 Ill. 622.)

In the bill it is alleged *inter alia* that the premises sought to be partitioned are owned by complainants and defendants in the following proportions: Christina A. Ermeling, Margaret Baltz and Richard G. Kemper an undivided one-fourth each, and Homer A. Pfeiffer, Sadie Parsons, Florence M. Friedl, Dorothy A. Pfunder and Frank W. Pfunder an undivided one-twentieth each; and that they acquired their title by inheritance from Anna K. Kruse, alias Katherine A. Kruse, who died intestate on March 26, 1924, and who became the owner of the premises on September 4, 1920, upon the death of her husband, Henry F. Kruse, with whom she had held the premises in joint tenancy.

In the amended answer of Richard G. Kemper and wife, which admitted all allegations of the bill as to title and heirship, it is alleged that there was recorded in the recorder's office of Cook county on April 21, 1925, an agreement under seal (copy set out in the answer), dated and acknowledged May 1, 1914, between Anna K. and Henry F. Kruse, in which it was provided that, immediately upon the death of either, the survivor should make a will providing for the sale of the premises at the survivor's death, and that *one-third* of the proceeds of *her* estate if she should be the survivor, or *two-thirds* of the proceeds of *his* estate if he should be the survivor, after paying all debts and expenses, should go to such beneficiaries as should in writing have been specified by the first decedent; that certain corporations (including the appellant Church Board) and certain persons claim that Henry F. Kruse, during his lifetime on July 21, 1914, executed in writing and delivered to Anna K. Kruse a written instru-

ment (copy set out in the answer) specifying them as beneficiaries to be given legacies by her will, to be paid out of one-third of the net proceeds of the sale of the premises; that said corporations and persons always have claimed, and do now claim, that the instruments constitute a charge upon the premises or upon the proceeds of the sale thereof, but said claims are "unfounded in law and in fact," yet they nevertheless "constitute a cloud upon the title of these defendants and complainants"; that unless the beneficiaries are made defendants to the bill and brought before the court, so that their claims can be passed upon, the price to be realized at any partition sale will be one-third less than it otherwise would be; and that the beneficiaries are necessary parties, and, on account of the failure to make them parties, complainants are not entitled to the relief as prayed. The written instrument of July 21, 1914, signed by Henry F. Kruse and addressed to his wife, is in part as follows:

"Under an agreement executed by both of us bearing date on or about May 1, 1914, I hereby specify the following beneficiaries to be given legacies by you in your will to be executed in case you survive me and to be paid out of the one-third of the net proceeds of the sale (after payment of debts and all other allowable expenses) of the property where we now live known as," etc. (Here follows a description of the premises):

"To said beneficiaries I request you, by your will, to leave legacies as follows, and I specify them as follows:

"To the Church Extension Board of the Presbytery of Chicago, a religious corporation, $200;

"To the Church of the Covenant in Chicago, $500;

"To the Presbyterian Home, in Chicago, a corporation, $200;

"To the Board of Missions for Freedmen of the Presbyterian Church in the United States, a corporation, $100;"

"(To eight persons, named and otherwise described, various sums, aggregating $1400.)

"In case the said net proceeds of the sale of said premises shall not be sufficient to pay all said legacies in full, then said legacies to be paid *pro rata.*"

Kemper and wife also filed an amended cross-bill, containing substantially the same allegations as their answer, and making as cross-defendants all parties to the original bill except themselves, and also all those corporations and living persons claiming to be beneficiaries by virtue of said agreement and written instrument. The prayer is that said instruments be construed, etc., and be adjudged to be a cloud upon the title of Richard G. Kemper and the other heirs of Anna K. Kruse, and that partition be decreed, etc. Complainants demurred to the cross-bill and filed exceptions to the answer. On February 9, 1926, the court sustained the demurrer and the exceptions, dismissed the cross-bill for want of equity, and further ordered that Kemper and wife plead to the original bill *instanter,* and, they refusing so to do, further ordered that they be considered in default for want of an answer and that the original bill stand as confessed as to them. Although the Church Board, and said other three religious corporations, had not been made parties to the original bill, the court included all of them in the default order. On February 13, 1926, the Church Board and two of said three religious corporations appeared and moved the vacation of the order of February 9th, which motion was continued. On April 19, 1926, on motion of Kemper and wife, the default order of February 9th, as against them (but not as against the Church Board and said other religious corporations) was vacated, and they were given leave to file an amended answer, which they did, and, after a hearing upon complainants' exceptions thereto, the court sustained the exceptions, and again defaulted Kemper

and wife for want of an answer—they having elected to stand by their amended answer. On the same day (April 19th) the Church Board and said other religious corporations appeared and asked leave to file their intervening petition, in which they alleged substantially the same facts as set forth in the amended answer of Kemper and wife. The prayer was in substance that they be made parties to the original bill and be allowed to file an answer; that complainants and defendants and all other interested parties answer the petition; that the premises be sold pursuant to the provisions of said written agreement of May 1, 1914, and said subsequent written specification of beneficiaries made by Henry F. Kruse; and that petitioners and all other specified beneficiaries may be decreed to have such an interest respectively in the proceeds of such partition sale, and be paid out of said proceeds such amounts respectively, as directed by said written agreement and written specification of beneficiaries. After a hearing the court denied leave to petitioners to file their petition. On June 25, 1926, the court entered the decree for partition, etc., in which, after setting forth the names of the several owners of the premises and their fractional interests as alleged in the bill, and how they acquired title, etc., the court found that "said real estate and premises are the only real estate owned in common by said parties," and "no other person or persons than those named have any interest in or title to the same, in possession, remainder, reversion *or otherwise*"; that the premises are improved with a 3-story stone and brick building, consisting of three flats, and that the same be partitioned, etc. And, after naming the commissioners, the court decreed *inter alia* that, if they found that a division of the premises could not be made without manifest prejudice to the parties in interest, they should appraise the value of the same, etc., and make report, etc.

As to the separate appeal of the Church Board from said final decree of June 25, 1926, appellees' counsel contend that it has appealed from the wrong order or decree, and that it should have appealed from the order of April 19, 1926, wherein the court refused to allow it (and the other three religious corporations) to file their intervening petition. We cannot agree with the contention. The record discloses that on February 9, 1926, the court not only defaulted Kemper and wife for want of an answer, but also the Church Board and said other religious corporations, and, as to them, it does not appear that such order ever was vacated. That order of default was interlocutory (*Jenkins & Reynolds Co. v. Wells,* 220 Ill. 452, 454), as was the portion of the order dismissing the cross-bill of Kemper and wife (*McMahon v. Quinn,* 140 Ill. 199, 201). And, in view of the fact that the final decree for partition had not been entered when leave to file said intervening petition was denied by the court on April 19th, it could not then be determined whether such denial would be prejudicial to the Church Board. In *Young v. Matthiessen & Hegeler Zinc Co.,* 105 Ill. 26, an appeal from an order of the trial court refusing to allow appellants to become parties defendant to a bill in chancery filed against other parties was dismissed by the Supreme Court. In the opinion (p. 27) it is said: "No final decree has been entered in the case, and until such decree is entered how can it possibly be known that this refusal has prejudiced appellants' rights? It may be that the decree will accomplish, without appellants' intervention, precisely what they claim ought to be done. The order is clearly interlocutory, and therefore not the subject of an appeal."

As to the merits of the consolidated appeals, it is contended in substance on behalf of appellant, Kemper, that, because of the provisions of the agreement of May 1, 1914, between Anna K. and Henry F. Kruse, and the latter's specification of beneficiaries (in con-

formity with said agreement) by the written instrument of July 21, 1914, the court erred in sustaining exceptions to the Kempers' answer, and in dismissing the Kempers' cross-bill and in entering the final partition decree without having made said specified beneficiaries parties defendant to complainants' bill and having adjudicated as to their claimed rights. And it is contended in substance on behalf of appellant, the Church Board, that, because of said written instruments, the court erred in refusing to allow it (and the other three religious corporations, designated beneficiaries) to intervene and become parties defendant to the bill and set forth their claimed interests in the proceeds of the proposed partition sale of the premises, and have their rights and interests (whatever they be) protected by the partition decree. After considering the present record we are of the opinion that both contentions are well founded. Because of said written instruments, we think that, under the provisions of sections 5, 6, 14 and 39 of the Partition Act, Cahill's St. ch. 106, ¶¶ 5, 6, 14 and 39, said Church Board, as well as the other designated beneficiaries, had such an interest in the partition proceedings as made them necessary parties defendant. In section 6 of the act, Cahill's St. ch. 106, ¶ 6, it is provided that "Every person having any interest, whether in possession or otherwise, and who is not a petitioner, *shall* be made a defendant to such petition." In section 39 of the act, Cahill's St. ch. 106, ¶ 39, it is provided in part that in all partition suits "the court may investigate and determine all questions of conflicting or controverted titles, and remove clouds," etc. (See *Hurlbut v. Talbot*, 273 Ill. 356, 363 *et seq.; Plummer v. Worthington*, 321 Ill. 450, 459.) In section 14 of the act, Cahill's St. ch. 106, ¶ 14, it is provided that, during the pendency of a partition suit, "any person claiming to be interested in the premises to be assigned or aparted may appear  *  *  *  and assert his rights

by way of interpleader; and the court *shall* decide
upon the *rights* of all persons appearing as aforesaid,
as though they had been made parties in the first in-
stance." Under this section 14 we think that the
Church Board, or any of the other designated bene-
ficiaries, could properly file an intervening petition
and be made a party defendant to the bill and set up
its rights, particularly so as none was made a party
defendant to the bill. (See *Wightman v. Evanston
Yoryan Co.*, 217 Ill. 371, 376.)

As to the agreement of May 1, 1914, between Anna
K. and Henry F. Kruse, followed by said written des-
ignation of beneficiaries by the latter, we understand
it to be the established rule in this State that it is com-
petent for a person owning property to make a con-
tract to dispose of it by will in a particular way, and
that such a contract, when based upon a sufficient con-
sideration and clearly established, will be enforced in
equity. (*Oswald v. Nehls*, 233 Ill. 438, 443; *Whiton v.
Whiton*, 179 Ill. 32, 54; *Klussman v. Wessling*, 238 Ill.
568, 571.) In the *Klussman* case it is stated: "The
theory upon which the courts proceed is to construe
such an agreement (unless void under the Statute of
Frauds or for other reasons) to bind the property of
the testator or intestate so far as to fasten a trust on
it in favor of the promisee and to enforce such trust
against the heirs and personal representatives of the
deceased." But it is contended by counsel for ap-
pellees that this rule should not be applied in the
present case because (1) it does not appear that said
agreement of May 1, 1914, is based upon any consider-
ation, and (2) the names of the beneficiaries do not ap-
pear therein. We do not think that either contention is
meritorious. As to the first it is to be noticed (a) that
the agreement is under seal; (b) that it recites on its
face a consideration, viz, that of a deed from one
Bryan, conveying the premises to Anna K. and Henry
F. Kruse in joint tenancy and "for family peace and

harmony''; and (c) that it contains the promise of each party to make the designated will in consideration of a like promise by the other, and depending upon which will be the survivor. In other words there is a ''promise for a promise,'' and such is ''a good consideration everywhere.'' (*Funk v. Hough*, 29 Ill. 145, 148; *Bishop v. Busse*, 69 Ill. 403, 407.) As to the second contention, that the names of the beneficiaries do not appear in the agreement of May 1, 1914, it is to be noticed that it is provided therein that if Anna survive Henry ''she shall at once, after his death, make a last will and testament (which as alleged she did not do), directing and providing for the sale of said premises at her death and that one-third of the net proceeds of her estate, after payment of debts and all other allowable expenses, shall go *to such beneficiaries as shall in writing have been specified by said Henry.''* In conformity with said agreement it appears that Henry (by the written instrument of July 21, 1914, delivered to Anna) specified as beneficiaries the Church Board and said other religious corporations and persons. By these two written instruments the beneficiaries could definitely be ascertained. And we think that the principle, as stated in *First Nat. Bank of Elgin v. Schween*, 127 Ill. 573, 580, is applicable, viz: ''It is not essential to the validity of a deed of trust that the beneficiaries should appear therein by name. It will be sufficient if they are so described or designated that they may be ascertained and distinguished.''

As to the appeal of Kemper, appellees' counsel contend that the partition decree is in his favor in that he was awarded an undivided one-fourth interest in the premises sought to be partitioned, etc., and that he cannot complain of a decree in his own favor. But in those portions of his answer to which exceptions were sustained, and in his cross-bill which was dismissed, he demanded (properly we think under the circum-

stances) that before a partition be decreed the said beneficiaries be made parties to the litigation, their rights be adjudicated, and their claims be removed if possible as clouds, etc. The court refused these demands and in this respect we think that the decree is adverse to him and that he properly has appealed.

Our conclusion is that the partition decree appealed from be reversed and that the cause be remanded to the circuit court with directions to overrule the exceptions to the amended answer of Kemper and wife to complainants' bill, overrule complainants' demurrer to the Kempers' amended cross-bill and allow the intervening petition of the Church Board and the other three religious corporations to be filed, etc., and that the claimed rights of the Church Board, and the other beneficiaries named in the written instrument of July 21, 1914, be considered and adjudicated, etc., and that such further proceedings be had, not inconsistent with the views herein expressed, as to equity may appertain.

*Reversed and remanded with directions.*

Fitch and Barnes, JJ., concur.