(No. 27586.—

CHARLES J. KOVACS *et al.*, Appellees, *vs.* ANDREW KROL *et al.*, Appellants.

*Opinion filed January 20, 1944—Rehearing denied March 20, 1944.*

SAMUEL FUMEL, (ABRAHAM MILLER, of counsel,) both of Chicago, for appellants.

JOSEPH B. GILBERT, of Chicago, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

The appellees filed a complaint in the superior court of Cook county praying for the specific performance of a contract for the sale of real estate. After the complaint had been answered by the appellants, the cause was referred to a master in chancery who heard the evidence and found the facts substantially as alleged in the complaint and recommended a decree for specific performance. The objections and exceptions to the master's report were argued in the superior court and overruled, and a decree was entered in accordance with the recommendations of the master. There being a freehold involved, the cause is now before this court upon an appeal from that decree.

The evidence shows that on October 9, 1941, the appellants entered into a written contract to sell to the appellees the real property therein described for the sum of $11,000, of which amount the appellees then paid the sum of $550 and agreed to pay $10,450, the balance of the purchase price, within five days after the title of the appellants be shown to be good and clear, in accordance with the terms

of said agreement, provided a deed for the premises should then be ready for delivery. The agreement provided that the earnest money was to be held in escrow by one Edward Glenicki for the mutual benefit of both parties. By the terms of the contract, the appellants agreed to deliver to the appellees within twenty days from the date of the contract a preliminary report on title by the Chicago Title and Trust Company, and if the report so required to be furnished by the vendor disclosed any defects, the appellants should have sixty days within which to cure or remove such defect. The agreement also provided that the contract was executed by the appellees contingent upon their ability to obtain a first-mortgage loan in the sum of $7000 secured by the property described in the contract, and in the event that a loan of $7000 could not be obtained within thirty days, the contract should be declared null and void and the earnest money returned to the purchasers. After the contract was executed and the $550 earnest money paid down, the appellees on October 14, 1941, applied to the Olympic Savings and Loan Association for a loan of $7000. On October 17, 1941, the loan association sent its appraisal committee to the property to make an inspection and that committee made a report approving the loan. On October 20, 1941, the board of directors of said savings and loan association approved the loan. The mortgage and note were drafted for $7000, and on October 22, 1941, signed by the appellees. The mortgage was thereupon recorded in the office of the county recorder of said county. The association was then, and has ever since been, ready to pay out the loan if presented with a clear letter of opinion.

The appellants never procured a guaranty policy covering the premises nor a report on the title from the Chicago Title and Trust Company as required by said contract. On October 31, 1941, the savings and loan association procured a letter of opinion from the Chicago Title and Trust Company for which it paid the sum of eighty-some dollars.

The said letter of opinion showed as one of the objections to the appellants' title a judgment for $323 and costs rendered October 2, 1939, against the appellant Manda Krol. This objection has never been removed or cured by the appellants. On November 10, 1941, the appellants served a written notice on the appellees in which they stated that they disaffirmed and declared null and void their contract to sell the property to the appellees on the ground that the appellees had failed to secure a mortgage in the sum of $7000 within thirty days from the date of the said contract. On the same date, after service of said notice, the appellees notified the appellants that they were ready, willing and able to pay the balance of the purchase money and close the deal according to the terms and conditions of the contract and would file a suit for specific performance unless the appellants were willing to comply with the contract.

While there is some conflict in the testimony, we believe the proof clearly shows the above to be the salient facts pertaining to the controversy between the parties. An examination of the contract shows that it clearly places the burden of securing either a guaranty policy or a letter of opinion from the Chicago Title and Trust Company showing clear title in the appellants. There is nothing in the testimony which shows that the appellants ever made any effort to comply with this requirement on their part. On the trial of the case in the court below, there seemed to be but one issue raised by the appellants. It was their contention that the appellees had failed to obtain a loan within the thirty days specified within the contract and that, therefore, they were justified in cancelling and declaring the agreement null and void just two days after the expiration of the thirty-day limit provided in the contract. In the notice of disaffirmance served upon the appellees, the sole basis for forfeiting the contract was the failure of appellees to obtain the loan. An examination of

the testimony does not disclose any grounds whatever for the cancelling of this contract by the appellants. The appellees, who are the purchasers under the contract, proceeded immediately to procure the loan of $7000 and the same was awarded to them by the savings and loan association within a few days after the contract was executed. The only reason appearing why the contract was not fully completed was the failure of the appellants to procure either a guaranty policy or a letter of opinion showing clear title upon which the appellees could secure a loan. One cannot read the record in this cause without being convinced that the appellees made a conscientious effort to comply with the contract in every respect and gave the appellants no reason for serving the notice of disaffirmance. There is not the slightest evidence in the record showing that the appellees had any intention of abandoning the contract, but on the contrary, it shows that they were at all times not only ready, able and willing, but eager to complete the purchase. The appellants not only failed to procure the letter of opinion, but also refused to permit the appraisal committee from the savings and loan association to enter the premises on October 17, 1941, for the purpose of inspecting the same. The conduct of appellants after the contract was executed shows a complete lack of co-operation, and a failure to perform their part of the agreement.

This court has had frequent occasion to pass upon cases of this character and has consistently held that where the vendee has made a *bona fide* effort to comply with the terms of the contract and has sought to perform within the time specified therein and has failed through the fault of the vendor, he does not forfeit his rights under the agreement. (*Emerson* v. *Fleming,* 246 Ill. 353; *Kopeyka* v. *Woodstrom,* 305 Ill. 69; *Kennedy* v. *Neil,* 333 Ill. 629.) In the latter case, it was held that the main question in a case of specific performance is whether the complainant

has made a conscientious effort to comply honestly with the contract. It is also stated in that case that "Failure on the part of the vendee to perform within the time required in the contract will not forfeit her rights thereunder where she has sought to perform within such time and has failed through the fault of the vendor." The opinion further states: "Forfeiture is a harsh remedy and by no means a favorite with a court of chancery under any circumstances, and where an abandonment is relied upon there must be shown a clear intention of the parties to abandon the contract."

The appellants have raised a number of other points upon which they rely for reversal, but which we do not consider serious. They insist that the record shows the appellees were financially unable to perform their part of the contract within the time provided therein. This assertion is not sustained by the testimony or the record in this case.

They also insist that the contract is wanting in mutuality of obligation and of remedy and, therefore, cannot be specifically enforced. An examination of the contract shows that it is entirely fair and mutual in its terms. The contract was entered into understandingly and there is no charge of any fraud, inadequacy' of price or mistake of any kind. The suggestion of lack of mutuality is without merit. The fact that appellees asked for the return of the earnest money after receiving the notice of cancellation was no bar to the present action. The earnest money was never returned to them.

The appellants also complain that the decree provides that the deed when executed shall be dated as of October 22, 1941, which is the date the appellees executed and placed on record the mortgage of $7000 securing a note for that amount signed on the same date. In order to support and secure said mortgage the appellees must acquire

title on that date, and the provision of the decree in that respect is not unreasonable.

The appellants further object to the decree because it provided for a money judgment against the appellants for $250 which they say is not in accordance with the terms of the contract or the prayer of the complaint. It appears that the $250 mentioned was the costs and expenses incurred on the hearing before the master and that amount was advanced by the appellees before decree. It was, therefore, properly awarded to them in the decree.

There appears to be no good reason in equity why specific performance in this case should not be required. We think the appellees made every effort to carry out the terms of the contract on their part and have been always ready, able and willing to perform, providing the terms of the contract were kept and performed on the part of the appellants, and the objections raised to the performance on the part of the appellees are not of the character that would justify a court of equity in denying the relief sought by appellees.

The decree of the superior court will be affirmed.

*Decree affirmed.*