(No. 30632.—
BELDONE NYDER *et al.*, Appellees, *vs.* FREDERICK K. CHAMPLIN *et al.*, Appellants.

*Opinion filed September 24, 1948—Rehearing denied Nov. 11, 1948.*

318

George Delbert Gray, William H. Haight, and Orr, Lewis & Orr, (Warren H. Orr, Wallace W. Orr, and Haskell F. Lamm, of counsel,) all of Chicago, for appellants.

Halfpenny & Hahn, (Richard F. Hahn and James F. Flanagan, of counsel,) all of Chicago, for appellee Beldone Nyder.

Mr. Justice Simpson delivered the opinion of the court:

Appellants, Frederick K. Champlin and Dorothy Champlin, his wife, were, on August 4, 1945, owners of the real estate involved in this proceeding, known as No. 730 Wagner Road, Glenview, Cook County, Illinois. On that date they entered into a written contract with Beldone Nyder

for the sale to him and his wife in joint tenancy of said premises. Thereafter, for the reason later disclosed, appellants declared the contract null and void and refused to convey the premises. On April 29, 1946, Nyder brought suit against them in the superior court of Cook County for specific performance and a decree was entered in his favor in accordance with the recommendation of a master. Appellants bring the case here for review, a freehold being involved.

In the lower court, Lucius Erskine, one of the appellees, joined in the complaint and set up his claim against appellants for broker's commissions growing out of the contract. The lower court entered judgment in his favor for $675. Appellants ask that we also review that judgment. It and the decree for specific performance are separate and distinct. We have jurisdiction to review the decree which involves a freehold, but we do not have jurisdiction to review the judgment allowing commissions. That part of the cause relating to the judgment in favor of Erskine is therefore transferred to the Appellate Court, First District. *Nickoloff* v. *Nickoloff*, 384 Ill. 377; *Duncan* v. *Suhy*, 378 Ill. 104.

Under the contract, appellee Beldone Nyder agreed to pay $22,500 for the premises and appellants agreed to convey to him and his wife merchantable title thereto by warranty deed subject to certain matters specified in the contract, not material here. With reference to the time of payment the contract says:

"Said purchaser has paid—One Thousand Five Hundred & 00/100 ($1,500.00) Dollars, as earnest money, to be applied on such purchase when consummated, and agrees to pay within five days after the title has been examined and found good, or accepted by him, * * * the further sum of—Twenty-One Thousand and 00/100—($21,000.00) Dollars, * * *."

The following pertinent provisions are also noted in the contract:

"The above purchase is contingent upon the purchasers ability to obtain a mortgage loan either through F.H.A. or conventional, in the amount of $16,000, payable monthly over a twenty (20) year period. Purchaser is to obtain a commitment on said mortgage within a fifteen (15) day period from acceptance of this contract."

"A Certificate of Title issued by the Registrar of Titles of Cook County, or complete merchantable Abstract of Title or merchantable copy brought down to date hereof, or merchantable title Guaranty Policy made by Chicago Title & Trust Co. shall be furnished by the vendor within a reasonable time, * * *.

"Should said purchaser fail to perform this contract promptly on his part, at the time and in the manner herein specified, the earnest money paid as above, shall, at the option of the vendor be retained by the vendor as liquidated damages, and this contract shall thereupon become and be null and void. Time is the essence of this contract, and of all the conditions hereof."

Within two days after the execution of the contract appellants went to California, intending to remain there. They returned, however, about September 15, 1945. Two days after the execution of the contract appellee Nyder made application to a mortgage company for a loan of $16,000 on the premises. He also began as early as August 11, 1945, to liquidate some securities so he would have enough cash to pay the balance over and above the amount he expected to borrow. On September 18, 1945, he had accumulated by this method and deposited in a bank $7074.87. He had expected to use but $5000 of this sum as payment on the contract price and to use the remainder for extras and repairs. He testified, however, that the balance in the bank had to be used in the final payment.

By reason of certain delays over which Nyder had no control, he did not learn until about September 13, 1945, that the amount he could borrow on the security of the premises in question was but $14,800. This, however, did not affect his ability to pay the remainder of the consideration, as he had arranged for the additional amount, as above indicated. During the interim appellants did not furnish him an abstract of title brought down to date, or a certificate of title issued by the Registrar of Titles of Cook

County, or a merchantable title guaranty policy made by the Chicago Title & Trust Company as provided for in the contract.

After learning that he could borrow $14,800 on the security of the premises, Nyder and wife on September 19, 1945, executed and recorded their mortgage on the premises for said sum and notified the lending company to pay the proceeds, after deducting certain minor items, in discharge of the mortgage indebtedness on the premises or to appellants. With the borrowed money and the amount he had on deposit in the bank Nyder had sufficient money to pay the balance of the consideration in full, and was ready and willing to complete the deal upon receipt of proper conveyance from appellants.

On September 18, 1945, appellants wrote Nyder that they had declared the contract for the purchase of said premises to be null and void and of no effect because he had failed to obtain a commitment for a loan in the sum of $16,000 within fifteen days from the acceptance of the contract on August 4, 1945. This notice was received by Nyder on September 24, 1945. Thirty days had elapsed since the expiration of the fifteen-day period before appellants complained that the commitment had not been procured. They made no inquiry concerning the commitment until after they returned from California September 15, 1945.

Under the facts of this case appellants had no right to declare the contract void for the reason assigned, but if such right ever existed they had waived it by not insisting upon a strict observance of the time requirement and in not giving reasonable notice thereafter of their intention to rely upon the provision in question. (*Forest Preserve Real Estate Improvement Corp.* v. *Miller*, 379 Ill. 375; *Eaton* v. *Schneider*, 185 Ill. 508; *Monson* v. *Bragdon*, 159 Ill. 61; *Watson* v. *White*, 152 Ill. 364.) At the time they declared the contract void Nyder was in a position to com-

plete the deal and was ready and willing so to do. He was waiting upon them to perform their part.

Appellee Nyder takes the position that it is immaterial from whom or how he procured the money so long as he had it and was ready to make payment of the balance due when appellants complied with their part of the contract; that he had the money and was ready to pay it to them for their deed when they furnished him either a certificate of title, an abstract brought down to date showing merchantable title, or a merchantable title guaranty policy made by the Chicago Title & Trust Company, as provided for in the contract.

Although Nyder could not borrow $16,000 on the security of the premises, he, nevertheless, borrowed all he could, which, with the cash he had in the bank was sufficient to meet the unpaid balance of the contract. He was ready and able to make full payment by September 19, 1945. Up to that time appellants had done nothing in furtherance of their obligation under the contract. Under these facts we do not see any merit to the contention that Nyder was required to obtain a commitment for the full $16,000 within the time mentioned.

Appellants argue that mutuality was lacking in the contract in that they could not force Nyder to buy if he could not procure a loan for $16,000 on the premises within fifteen days. That argument is without merit here because Nyder has at no time sought to take advantage of the fact that he could not procure the desired amount within said time, but on the contrary has placed himself in a position to comply with the contract by paying the balance due and was in that position at the time appellants sought to declare the contract void. They had not furnished sufficient evidence that they could convey merchantable title to him and under the contract he had "five days after the title has been examined and found good" within which to pay the balance.

The general rule is that before specific performance of a contract will be decreed it must appear that there was mutuality, both in the obligation and remedy, under the contract, as long as the contract remains executory on both sides. (*Oswald* v. *Nehls*, 233 Ill. 438; *Bauer* v. *Lumaghi Coal Co.* 209 Ill. 316.) But this rule has no application to contracts in which the provisions which could not be enforced specifically have been fully performed. (*Oswald* v. *Nehls*, 233 Ill. 438; *Smurr* v. *Kamen*, 301 Ill. 179.) In the recent case of *Kovacs* v. *Krol*, 385 Ill. 593, we affirmed a decree for specific performance where the contract contained a provision stating that it was contingent upon the purchasers being able to obtain a loan commitment within thirty days and where it was contended that it was not obtained until two days thereafter. In that case the appellants raised the question that the contract was wanting in mutuality. We there rejected appellant's contention, holding that it was without merit. There is not the slighest evidence in this case that Nyder ever intended to abandon the contract, but he at all times was diligent in his efforts to comply.

Finally, appellants argue that Nyder is not entitled to specific performance because he did not make a valid tender of payment. Naturally he would not tender payment until he had examined the evidence of the title and found the title merchantable. Appellants never furnished evidence showing that they could convey merchantable title. The contract provided that they should furnish such evidence within a reasonable time. Instead of complying with the contract they disaffirmed it, stating that it was null and void as above mentioned. The position taken by appellants rendered a tender thereafter unnecessary. (*Fleming* v. *O'Donohue*, 306 Ill. 595.) A tender by the buyer is unnecessary when the acts of the seller have been such as to render such act a useless thing. *Neidhardt* v. *Frank*, 325 Ill. 596; *Mishelsky* v. *Carman*, 320 Ill. 123.

It would be inequitable to deny appellee Nyder the benefit of his contract. The superior court was right in granting specific performance and its decree in that connection is affirmed. The cause as it relates to the judgment in favor of Lucius Erskine for commissions is transferred to the Appellate Court, First District. Upon request of appellants and the payment of the costs thereof, the clerk will prepare, certify and transmit to the Appellate Court, a copy of such parts of the record filed in this court as appellants may request.

*Affirmed in part and transferred in part.*